UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMESURF, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>INTUIT INC.,<br><br>                      Defendant. | Case No.: 22-cv-412-RSH-DDL<br><br>**ORDER GRANTING MOTION TO LIFT STAY**<br><br>[ECF No. 61] |

On June 30, 2023, the Court stayed this case pending the resolution of *inter partes* review ("IPR") proceedings. ECF No. 60. Before the Court is plaintiff Samesurf, Inc.'s motion to lift the stay on the instant action. ECF No. 61. For the reasons below, the Court grants Plaintiff's motion and lifts the stay.

**I.  BACKGROUND**

On March 29, 2022, Samesurf filed the Complaint in this action against defendant Intuit, alleging infringement of U.S. Patent Nos. 9,483,448 ("the '448 Patent"), 9,185,145 ("the '145 Patent"), and 8,527,591 ("the '591 Patent") (collectively, "the patents-in-suit"). ECF No. 1. Specifically, Plaintiff asserts Defendant infringes: (1) claims 1-4, 6-8, 11-14, and 16 of the '448 Patent; (2) claims 1-5, 7-14, and 16-17 of the '145 Patent; and (3) claims 1-6, 10-12, and 14-16 of the '591 Patent, by utilizing Plaintiff's patented co-browsing

technology as part of Defendant's TurboTax Online, QuickBooks Online, TurboTax Live, QuickBooks Live, Smartlook, and other co-browser enabled Intuit products. ECF Nos. 1 ¶¶ 47–49, 87–208.

On December 16, 2022, Defendant filed three IPR petitions with the United States Patent and Trademark Office challenging all the claims in the patents-in-suit: IPR Nos. 2023-00339, 2023-00341, and 2023-00342 (collectively, the "IPR Petitions"). ECF No. 59 at 2.[1] On June 28, 2023, the Patent Trial and Appeal Board ("PTAB") instituted proceedings on all three IPR Petitions. *Id.* The Court subsequently granted the Parties' joint motion to stay the instant case pending the completion of these proceedings. ECF No. 60.

On June 25, 2024, the PTAB issued Final Written Decisions ("FWD") on the IPR Petitions, finding that claims 1-16 of the '448 Patent are not unpatentable [ECF No. 61-3 at 63], but that claims of the '145 and '591 Patents are unpatentable [ECF Nos. 61-1 at 5, 62 at 6].

On July 25, 2024, Defendant filed a request for Director Review of the FWD on the '448 Patent. ECF No. 61-1 at 6. On August 29, 2024, Defendant's request for Director Review was denied. ECF No. 62 at 7. On September 6, 2024, Defendant filed a notice of appeal to the U.S. Court of Appeals for the Federal Circuit. *Id.* As of the date of this Order, the Federal Circuit has not issued a decision on Defendant's appeal.

On August 16, 2024, Plaintiff filed the instant motion to lift the stay. ECF No. 61. Defendant filed an opposition [ECF No. 62], and Plaintiff filed a reply [ECF No. 63].

## II.   LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations omitted). *See Clinton v. Jones*, 520 U.S. 681, 683 (1997) ("[T]he District Court has broad

---

[1] All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

discretion to stay proceedings as an incident to its power to control its own docket."). "The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *Lund Motion Products, Inc. v. T-max Hangzhou Technology Co., Ltd.*, No. SACV 17-01914-CJC-JPR, 2020 WL 13610390, at *2 (C.D. Cal. May 13, 2020) (quoting *Independent Living Ctr. of S. Cal. v. Douglas*, No. CV 08-3315 CAS MANX, 2012 WL 1622346, at *2 (C.D. Cal. May 8, 2012) (internal quotation omitted)). "The standard for determining whether an existing stay should remain in place is the same as the standard for determining whether a [c]ourt should impose a stay in the first place." *MasterObjects, Inc. v. eBay, Inc.*, No. 16-cv-06824-JSW, 2018 WL 11353751, at *1 (N.D. Cal. Nov. 7, 2018).

Courts consider three factors when ruling on a stay: (1) the stage of litigation, including whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Lund Motion Products*, 2020 WL 13610390, at *2 (citing *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013)). A court may also examine the "totality of the circumstances" to determine whether a stay is appropriate. *Id.* "A court's consideration of the appropriateness of a stay is necessarily different (1) before an IPR has been instituted or completed and (2) during the pendency of an appeal of an IPR." *Oyster Optics, LLV v. Ciena Corporation*, 17-cv-05920-JSW, 2019 WL 4729468, at *3 (N.D. Cal. Sept. 23, 2019). "A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); s*ee Credit Acceptance Corp. v. Westlake Servs., LLC*, No. 13-cv-1523, 2015 WL 12860460, at *3 (C.D. Cal. July 2, 2015).

### III.  ANALYSIS

Here, the Court concludes that these factors favor granting the Plaintiff's motion to lift the stay. *See Oyster Optics*, 2019 WL 4729468, at *2; *see Lund Motion Prod., Inc.*, 2020 WL 13610390, at *2; *see MasterObjects, Inc.*, 2018 WL 11353751, at *1.

 First, as to stage of litigation, at the time the Court entered the stay in June 2023, it noted that this case was in the early stages of discovery, that no party depositions had been noticed, and that no expert discovery had begun. ECF No. 60 at 3. While this remains true, significant time has now passed since Plaintiff filed this action nearly two and a half years ago, the PTAB has now issued its FWDs on the patents-in-suit, and Plaintiff seeks to move forward with this case. "[T]he existence of a stay, on its own, does not justify its perpetuation: this case would remain frozen in its nascent stage if the Court continued the stay." *Oyster Optics*, 2019 WL 4729468, at *2 (citing *Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, No. 14-cv-1288-JPS, 2016 WL 7495808, at *2 (E.D. Wis. Dec. 30, 2016) ("Yet until the stay in this case is lifted, there will always be a great deal of discovery remaining.")). The Court concludes that this factor is neutral. *See Oyster Optics*, 2019 WL 4729468, at *2 (concluding that this factor is neutral when "the stage of litigation [remained] unchanged" since ordering the stay); *MasterObjects, Inc.*, 2018 WL 11353751, at *2 (same).

 Second, the Court previously found that a stay pending the resolution of IPR proceedings would likely simplify the issues in question and trial of the case. ECF No. 60 at 3. The issues have now been simplified. In issuing its FWDs, the PTAB upheld the validity of the '448 Patent and found the claims of the '145 and '591 Patents to be unpatentable. *Id.* In light of the PTAB's decision, Plaintiff has agreed to withdraw both the '145 and the '591 Patents from this action when the stay is lifted. ECF No. 61-1 at 5. Although Defendant has appealed the PTAB's decision with respect to the '448 Patent, "the 'pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds.'" *Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639 SJO, 2018 WL 1470594, at *7 (C.D. Cal. Mar. 8, 2018) (quoting *Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627 (E.D. Tex. 2017)); *Boston Scientific Corp. v. Edwards Lifesciences Corp.*, No. 16-00730-CJC, 2018 WL 11349847, at *2 (C.D. Cal.

Nov. 15, 2018). This factor weighs in favor of lifting the stay. *See Oyster Optics*, 2019 WL 4729468, at *3 (concluding that this factor favored lifting the stay where the PTAB's FWDs were on appeal to the Federal Circuit).

Third, the Court previously found that there was no indication that a stay would unduly prejudice Plaintiff or present it with any tactical disadvantage. ECF No. 60 at 4. Indeed, Plaintiff agreed to the original stay. *Id.* Now that time has passed and Plaintiff opposes continuing the stay, the risk of undue prejudice to Plaintiff is greater. Continuation of the stay would keep this case at its relatively early stage for a substantial period of additional time and delay Plaintiff the opportunity to enforce its patent rights. *See MasterObjects, Inc.*, 2018 WL 11353751, at *4 (finding that "a delay pegged to the 'mere possibility' that Federal Circuit will overturn the PTAB's FWD (or affirm and provide additional claim construction) does not outweigh the prejudice to [the plaintiff] inherent in an additional delay of the proceedings."); s*ee Milwaukee Electric Tool Corp.*, 2016 WL 7495808, at *3 (finding that the prejudice factor favored lifting the stay because, "[a]sking Plaintiffs to wait for another year or more is quite different, particularly since this case has already been pending [for approximately two years].”). The Court concludes that this factor weighs in favor of lifting the stay.

Finally, courts frequently lift stays when the PTAB has issued FWDs finding the asserted patents valid. *See Lund Motion Prod., Inc.*, 2020 WL 13610390, at *3 (lifting stay where the Final Written Decision was on appeal to the Federal Circuit); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2020 WL 6270776, at *7 (D. Del. Oct. 26, 2020) (same); *Boston Scientific Corp.*, 2018 WL 11349847, at *2–3 (same); *MasterObjects, Inc.*, 2018 WL 11353751, at *4 (same).

The Court concludes that the totality of the circumstances weigh in favor of lifting the stay and moving forward with this litigation.

//

//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to lift the stay. ECF No. 61. The Court **ORDERS** the Parties to contact the U.S. Magistrate Judge's Chambers within seven days of this order to request a conference regarding scheduling.

**IT IS SO ORDERED**.

Dated: October 7, 2024

*Robert S. Huie*

Hon. Robert S. Huie
United States District Judge

6

22-cv-412-RSH-DDL