UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMESURF, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTUIT, INC., <br><br> Defendant. | Case No.: 22-cv-412-RSH-DDL <br><br> **ORDER REGARDING INTUIT'S MOTION TO COMPEL** <br><br> **[Dkt. No. 81]** |

Before the Court is Defendant Intuit, Inc.'s motion to compel. Dkt. No. 81. Intuit seeks discovery regarding "individuals or entities with an ownership, financial, or other interest in the outcome of any litigation, enforcement effort, or licensing effort involving the patents-in-suit and/or related patents/applications or in the asserted patents." Dkt. No. 81-1 at 2. Specifically, Intuit seeks an order compelling Plaintiff Samesurf, Inc., to respond to its Interrogatory No. 11 and Request for Production No. 42. The Court heard argument on the motion on December 4, 2024. For the reasons stated below and on the record during the December 4 hearing, the Court **ORDERS** as follows:

Regarding Interrogatory No. 11, the Court finds the identities of persons or entities who have a financial interest in the outcome of this litigation is relevant and proportional to the needs of the case. *See, e.g., Taction Tech., Inc. v. Apple Inc.*, 2022 WL 18781396,

///

at \*\*4-5 (S.D. Cal. Mar. 16, 2022) (finding identity of "litigation funders" relevant)[1]; *GoTV Streaming, LLC v. Netflix, Inc.*, 2023 WL 4237609, at \*13 (C.D. Cal. May 24, 2023) (same); *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1019 (D. Ariz. 2020) (ordering production of identity of litigation funders as relevant to witness and juror bias). The Court does not agree that the identity of such persons or entities funding the litigation is protected attorney work product. *See id.* at 1024. Accordingly, the Court **GRANTS** the motion to compel this information. By not later than **December 12, 2024**, Samesurf shall serve a supplemental response to Interrogatory No. 11 identifying all persons or entities with a financial interest in the outcome of the litigation. The motion to compel further responses to Interrogatory No. 11 is in all other respects **DENIED**.

Regarding Request for Production No. 42, the Court finds that "litigation funding agreements and related documents can be directly relevant to the valuations placed on the patents prior to the . . . litigation." *Taction Tech.*, 2022 WL 18781396, at \*4 (further finding documents responsive to RFPs calling for litigation funding documents were relevant, "but only to the extent that they seek litigation funding agreements and related documents that contain or reflect valuations of the Asserted Patents"). The Court further finds that absent information concerning the valuation of the asserted patent, documents responsive to Request for Production No. 42 are not relevant and the motion to compel such documents is **DENIED**. *See id.* at \*5.

The Court finds an *in camera* review of any litigation funding agreements to assess whether those agreements address, directly or indirectly, the value of the patent at issue in this case will assist in the resolution of the parties' dispute. *See GOTV Streaming*, 2023 WL 4237609, at \*13 (noting the court's *in camera* review of litigation funding agreements); *Taction Tech.*, 2022 WL 18781396, at \*6 (noting the court "ordered plaintiff

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, footnotes, and parallel reporter citations are omitted from citations.

to submit . . . for *in camera* review . . . any litigation funding agreement(s) for this litigation"). The Court therefore **ORDERS** Samesurf to submit any litigation funding agreements directly to the undersigned's chambers by not later than **December 12, 2024**. A further order will issue following the Court's review.

**IT IS SO ORDERED.**

Dated: December 4, 2024

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge