UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMESURF, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTUIT, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 3:22-cv-00412-RSH-DDL<br><br>**ORDER DENYING MOTIONS TO FILE UNDER SEAL IN CONNECTION WITH DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>[ECF Nos. 145, 156] |

　　　　Pending before the Court are motions to seal filed by plaintiff Samesurf, Inc. ("Samesurf") and defendant Intuit, Inc. ("Intuit"). ECF Nos. 145, 156. The motions pertain to Plaintiff's brief in opposition to Defendant's motion for partial judgment on the pleadings, and to Defendant's reply in support of that motion. As set forth below, these motions to seal are denied.

**I.    LEGAL STANDARD**

　　　　Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept

secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

To overcome this presumption of access, a party must show either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Id.* at 1096-97. The Ninth Circuit has made it "clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Id.* at 1100–01 ("[O]ur circuit looks past the literal dispositive/nondispositive label."). "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* If the motion is "more than tangentially related to the merits of a case," the movant must show "compelling reasons" for overcoming the presumption in favor of public access. *Id.* at 1096-99. Otherwise, a party need only show good cause. *Id.*; *see, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14-cv-2129-MMA-AGS, 2017 WL 5029612, at *2 (S.D. Cal. Nov. 3, 2017). "[T]he 'compelling reasons standard applies to most judicial records.'" *Ctr. for Auto Safety*, 809 F.3d at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)).

"The 'compelling reasons' standard typically applies to seal requests filed alongside motions for judgment on the pleadings." *Scottsdale Ins. Co. v. Hamerlag*, No. 23-cv-780-JLS (AHG), 2025 WL 319248, at *1 (S.D. Cal. Jan. 28, 2025) (citing *Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-cv-02690-HSG, 2021 WL 3709162, at *3 (N.D. Cal. Aug. 20, 2021)). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (alteration in original)

(quoting *Kamakana*, 447 F.3d at 1179). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1180 (citing *Foltz*, 331 F.3d at 1136). Once a party articulates their compelling reasons, "[t]he court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

The fact that material has been designated as confidential pursuant to a protective order does not itself suffice to show compelling reasons to seal that material. *See, e.g.*, *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion."); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 6395595, at *1 (S.D. Cal. Nov. 2, 2020) ("That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings."); *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13md2452 AJB (MDD), 2014 WL 1912731, at *2 (S.D. Cal. May 13, 2014) ("Though the Parties themselves may have stipulated to the confidential nature of this information, the 'compelling reasons' standard is invoked even if the motion, or its attachments, were previously filed under seal or protective order.") (citing *Kamakana*, 447 F.3d at 1179).

Even if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410, 2012 WL 1497489 at *2-3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information); *see also* Chambers Civ. Proc. § VIII (Protective Orders and Requests to File Under Seal).

//

## II.  MOTIONS TO SEAL

On July 15, 2025, Plaintiff filed its motion to seal, seeking to seal short summaries of deposition testimony contained in Plaintiff's opposition to Defendant's motion for partial judgment on the pleadings. ECF No. 145. The testimony at issue is that of Defendant's employees, Mr. Hubbard and Mr. Eftekhari, which Defendant had designated as "Highly confidential – Attorneys' Eyes Only" pursuant to the Protective Order in this case. *Id.* at 1. Plaintiff's motion to seal recites that Defendant's designation "indicates that Defendant has a good faith belief that the exhibit includes information that is highly sensitive, including but not limited to trade secret or other confidential research, development, or other commercial information." *Id.* Plaintiff further states, "Defendant has indicated that the designated information that is included in the Opposition must be filed under seal." *Id.*

On July 22, 2025, Defendant filed a joinder in Plaintiff's motion to seal. ECF No. 160. Defendant's joinder, supported by a declaration from counsel, states that the information at issue contains sensitive and proprietary information about its evaluation of technology vendors. ECF No. 160 at 1-2. Defendant's motion asserts that "[t]he public disclosure of this information might allow competitors to use that information, including how Intuit negotiates with and evaluates third parties, to their advantage and to Intuit's detriment." *Id.* at 2 (citing *Kimera Labs Inc. v. Exocel Bio Inc.*, No. 21-CV-2137-MMA-DDL, 2024 WL 3014639, at *1 (S.D. Cal. June 14, 2024)).

Also on July 22, 2025, Defendant filed its own motion to seal material in its reply brief, relating to substantially the same deposition testimony of the same employees. ECF No. 156. The argument in Defendant's motion to seal was the same as that contained in its joinder in Plaintiff's motion to seal.

The Court has reviewed the portions of briefing at issue in the motions to seal, summarizing testimony by Mr. Hubbard and Mr. Eftekhari. The material at issue explains that, when Defendant was evaluating co-browsing vendors in 2015, Defendant focused on the functionality of the vendors' products rather than on the vendors' patents. Given that

this testimony is generalized in nature, and refers to an evaluation conducted ten years ago, the Court is not persuaded that the information could be used by Defendant's competitors to their competitive advantage and to Defendant's competitive detriment. Nor is the Court persuaded that the material is otherwise sensitive or proprietary in a manner that rebuts the presumption of public access. Accordingly, the motions do not establish "compelling reasons" for sealing.

### III.  MOTIONS TO SEAL

For the foregoing reasons, the Parties' motions to seal [ECF Nos. 145, 156] are **DENIED**. The Clerk of Court is directed to make publicly accessible the documents currently lodged on the docket at ECF Nos. 146 (unredacted version of Plaintiff's opposition brief) and 157 (unredacted version of Defendant's reply brief).

**SO ORDERED**.

Dated:  August 1, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge