UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SAMESURF, INC., Plaintiff,

v.

INTUIT, INC., Defendant.

Case No.: 22-cv-412-RSH-DDL

**ORDER ON MOTIONS TO SEAL**

[ECF Nos. 238, 241, 244, 248, 251, 264, 269, 272, 275, 291, 301, 306, 313, 318, 324, 333, 339]

Pending before the Court are 17 motions to seal filed by the parties, plaintiff Samesurf, Inc. ("Samesurf") and defendant Intuit, Inc. ("Intuit"). ECF Nos. 238, 241, 244, 248, 251, 264, 269, 272, 275, 291, 301, 306, 313, 318, 324, 333, 339; *see also* ECF Nos. 256, 257, 259, 282, 286, 287, 312, 316, 348 (responses). The Court addresses these motions in turn below.

## I. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City*

*& Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

To overcome this presumption of access, a party must show either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Id.* at 1096-97. The Ninth Circuit has made it "clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Id.* at 1100–01 ("[O]ur circuit looks past the literal dispositive/nondispositive label."). "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* If the motion is "more than tangentially related to the merits of a case," the movant must show "compelling reasons" for overcoming the presumption in favor of public access. *Id.* at 1096-99. Otherwise, a party need only show good cause. *Id.*; *see, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14-cv-2129-MMA-AGS, 2017 WL 5029612, at *2 (S.D. Cal. Nov. 3, 2017). The "'compelling reasons' standard applies to most judicial records." *Ctr. for Auto Safety*, 809 F.3d at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)).

The motions at issue here include Intuit's motion for summary judgment, as well as motions each party has filed to exclude the opposing party's experts. The "compelling reasons" standard applies to a request to seal documents in connection with a motion for summary judgment. *Ctr. for Auto Safety*, 809 F.3d at 1097-98. Additionally, the Court finds that the *Daubert* motions here are more than tangentially related to the merits of the case, and applies the "compelling reasons" standard to these documents as well. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 119-20 (9th Cir. 2012) (applying compelling reasons standard to documents filed in connection with a

*Daubert* motion); *Laatz v. Zazzle, Inc.*, No. 22-cv-4844-BLF, 2025 WL 2607667, at *2 (N.D. Cal. Aug. 28, 2025) (same); *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-cv-406-AJB-DDL, 2025 WL 2218766, at *3 (S.D. Cal. Aug. 25, 2025) (same).

"Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1096-97 (alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1180 (citing *Foltz*, 331 F.3d at 1136). Once a party articulates its compelling reasons, "[t]he court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (alteration in original) (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599). However, courts generally find that "the 'compelling reasons' standard is met for confidential business information that would harm a party's competitive standing if publicly disclosed." *Google LLC v. Point Fin., Inc.*, No. 25-cv-04033-BLF, 2025 LX 561117, at *3 (N.D. Cal. Dec. 1, 2025) (collecting cases).

The fact that material has been designated as confidential pursuant to a protective order does not itself suffice to show compelling reasons to seal that material. *See, e.g.*, *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion."); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 6395595, at *1 (S.D. Cal. Nov. 2, 2020) ("That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings."); *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13md2452 AJB (MDD), 2014 WL 1912731, at *2 (S.D. Cal. May 13, 2014) ("Though the Parties themselves may have stipulated to the confidential nature of this information, the 'compelling reasons' standard

is invoked even if the motion, or its attachments, were previously filed under seal or protective order.") (citing *Kamakana*, 447 F.3d at 1179).

Even if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410, 2012 WL 1497489 at *2-3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information); *see also* Chambers Civ. Proc. § VIII (Protective Orders and Requests to File Under Seal).

## II. MOTIONS TO SEAL

### A. ECF No. 238

First is a motion to seal [ECF No. 238] filed by Samesurf in connection with its separate motion to preclude the expert testimony of Saul Greenberg [ECF No. 240]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 238 at 2. Thus, the Court looks to Intuit's response [ECF No. 256] to address that rationale for sealing the documents at issue.

#### *1. Exhibit 15 to Block Declaration*

Exhibit 15 is Intuit's engagement and compensation agreement with its expert, Dr. Saul Greenberg.[1] Intuit argues that the agreement "includes specific fee structures and compensation terms that … could be detrimental to Intuit or its counsel if made public." ECF No. 256 at 3. Intuit posits that if made public, this information "to poach experts/fact witnesses, or by future consulting firms to leverage confidential rate information, and by publicly releasing these terms could deter other experts or consultants from working with Intuit or Fenwick and/or increase the cost of future engagements, or limit Dr. Greenberg's

[1] This exhibit is lodged at ECF No. 239-1.

rates in the future." *Id.* Intuit does not cite legal authority supporting that "compelling reasons" exist to seal this type of information. The Court is not persuaded that disclosure of Dr. Greenberg's compensation terms is likely to result in non-speculative harm to any party.

***2. Exhibit 16 to Block Declaration***

Exhibit 16 is an engagement agreement between Intuit's counsel and Dr. Greenberg.[2] Intuit advances a similar rationale for sealing this agreement as the rationale provided for De. Greenberg's engagement agreement with Intuit, and adds, "[t]he agreement contains confidential legal representation terms," without further elaboration. *Id.* The Court is not persuaded that compelling reasons exist to seal this document either.

***3. Portions of Block Declaration Describing Exs. 15 and 16***

Because the Court declines to seal Exhibits 15 or 16, the Court likewise declines to permit redaction of references to these exhibits contained in the Block Declaration.[3]

***4. Conclusion***

Accordingly, Samesurf's motion to seal at ECF No. 238 is **DENIED**. Within ***fourteen (14) days*** of the date of this order, Samesurf shall file in the public record unredacted versions of the material that Samesurf lodged at ECF No. 239.

**B. ECF No. 241**

Next is a motion to seal [ECF No. 241] filed by Samesurf in connection with its separate motion to preclude the expert testimony of Gareth Macartney [ECF No. 243]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 241 at

---

[2] This exhibit is lodged at ECF No. 239-2.

[3] The redacted version of the Block Declaration is filed at ECF No. 240-1. The unredacted version is lodged at ECF No. 239.

2. Thus, the Court looks to Intuit's response [ECF No. 257] to address that rationale for sealing the documents at issue.

Intuit requests sealing of the following items: (1) portions of Samesurf's motion to preclude the expert testimony of Dr. Macartney; (2) portions of the Declaration of Adam Skrzecz in support of the motion to preclude; (3) portions of Exhibits 1, 2, 3, and 5 of the Skrzecz Declaration; and the entirety of Exhibits 6 through 9 of the Skrzecz Declaration. ECF No. 257 at 1.

***1. Portions of Exhibits 1, 2, 3, and 5 to the Skrzecz Declaration***[4]

Exhibits 1, 2, 3, and 5 to the Skrzecz Declaration consist of excerpts from: the transcript of Dr. Macartney's deposition of February 2, 2026; the expert report of Jim W. Bergman dated December 11, 2025; Dr. Macartney's expert rebuttal report dated January 15, 2026; and the transcript of Kelly Armstrong's deposition on July 8, 2025. Intuit writes that the redacted portions "contain confidential information concerning Intuit's financial performance, internal technical systems, and business practices," and "concern[] Intuit's confidential business decisions and its evaluation of third parties' commercial services."[5] ECF No. 257 at 3. Intuit continues, "[d]isclosure of such information would harm the competitive position of Intuit and its business partners, as it discloses Intuit's business plans and information about its evaluation of third parties, which could be used against Intuit or its business partners in the marketplace." *Id.* The Court has reviewed the redacted portions of transcripts and reports, and concludes that "compelling reasons" exist to redact this material from the public record at this stage of the case.

---

[4] These exhibits are lodged at ECF Nos. 242-3 through 242-6; Intuit's proposed redacted version is lodged at ECF No. 257-2 through 257-5. The Court construes Intuit's proposed redactions as pertaining to the material it has blacked out, rather than the material it has highlighted in yellow.

[5] The foregoing statements apply specifically to Exhibit 1; Intuit makes similar assertions regarding the other exhibits.

### 2. *Exhibits 6 through 9 to the Skrzecz Declaration*[6]

Intuit describes Exhibit 6 as "a document relating to usage of Intuit's accused products in connection with a third party, which contains confidential information reflecting Intuit's internal data usage relating to a third party and its non-public business practices." ECF No. 257 at 6. Exhibit 7 is "a copy of Intuit's internal document concerning proprietary strategies and analyses on Intuit's technical systems and business practices," which "contains Intuit's confidential business plans, including Intuit's goals to complete specific technical functionalities for its systems and those offerings relating to third-party commercial services." *Id.* Exhibits 8 and 9 are similar in nature to Exhibit 6, and Intuit advances similar rationales for sealing. *Id.* at 6-7. Reviewing these documents in light of Intuit's description and rationale, the Court is persuaded that "compelling reasons" exist to seal these documents at this stage of the case.

### 3. *Exhibit 10 to the Skrzecz Declaration*[7]

Samesurf seeks to seal Exhibit 10 on the grounds that Intuit has designated it pursuant to the Protective Order; but Intuit does not request to seal the exhibit, nor provide a rationale for doing so.

### 4. *Samesurf's Motion and the Skrzecz Declaration*[8]

Intuit seeks to redact portions of Samesurf's motion and the Skrzecz Declaration only to the extent that they describe exhibits or portions of exhibits that are themselves subject to sealing. For the reasons set forth above, the Court grants this request as to references to documents that the Court is ordering sealed or redacted.

//

//

---

[6] These exhibits are lodged at ECF No. 242-7 through 242-10.

[7] This exhibit is lodged at ECF No. 242-11.

[8] The redacted version of Samesurf's motion is filed at ECF No. 243; the unredacted version is lodged at ECF No. 242-1. The redacted version of the Skrzecz Declaration is filed at ECF No. 243-1; the unredacted version is lodged at ECF No. 242-2.

### *5. Conclusion*

Accordingly, Samesurf's motion to seal at ECF No. 241 is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to (1) the limited redactions proposed by Intuit in connection with Exhibits 1, 2, 3, and 5 to the Skrzecz Declaration; (2) Exhibits 6 through 9 to the Skrzecz Declaration; and (3) those portions of Samesurf's motion and the Skrzecz Declaration that describe the foregoing exhibits or portions of exhibits that the Court has determined herein are subject to redaction or sealing.

Within ***fourteen (14) days*** of the date of this order, Samesurf shall file in the public record: (1) a version of its motion to preclude the expert testimony of Dr. Macartney that is redacted only in a manner permitted by this order; (2) a version of the supporting Skrzecz Declaration that is redacted only in a manner permitted by this order; (3) versions of Exhibits 1, 2, 3, and 5 to the Skrzecz Declaration that contain only the redactions proposed by Intuit and approved by the Court; and (4) Exhibit 10 to the Skrzecz Declaration.

The Clerk of Court is advised that ECF Nos. 242 and 242-1 through 242-10 are accepted for filing under seal.

### C. ECF No. 244

Samesurf has also filed a motion to seal [ECF No. 244] in connection with its separate motion to preclude the expert testimony of Benjamin Bederson, and the associated exhibits, Exhibits 2 and 5 [ECF No. 246]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 244 at 2. Thus, the Court looks to Intuit's response [ECF No. 259] to address that rationale for sealing the documents at issue.

Intuit seeks to redact limited portions of Exhibit 2 to the Declaration of Elliott M. Clay filed in support of Samesurf's motion to strike the Bederson testimony. ECF No. 259 at 2. Contrary to the representations in the motion to seal, Intuit does not seek to redact or seal Samesurf's motion to strike itself, nor Exhibit 5 to the Declaration. *See id.*

### *1. Exhibit 2*[9]

Exhibit 2 to the Clay Declaration contains excerpts of the rebuttal expert report of limited portions of Samesurf's motion to strike the expert testimony of Benjamin Bederson. Intuit contends that the excerpts contain "confidential information concerning Intuit's accused products and their functionalities . . . including references to source code and Glance's internal documents," and that disclosure of this information would result in competitive harm to Intuit. ECF No. 259 at 3. Intuit proposes narrow redactions rather than sealing the entire exhibit. *See id.*; ECF No. 260-1. The Court has reviewed the proposed redactions and agrees that compelling reasons exist for the redactions proposed here.

### *2. Conclusion*

The motion to seal is **GRANTED IN PART** and **DENIED IN PART.** ECF No. 244. The motion is granted as to the limited redactions proposed by Intuit in connection with Exhibit 2 to the Clay Declaration.

Within ***fourteen (14) days*** of the date of this order, Samesurf shall file in the public record: (1) its Motion to Strike the Testimony of Benjamin Bederson [ECF No. 245-1]; (2) Exhibit 5 to the Clay Declaration [ECF No. 245-3]; and (3) a version of Exhibit 2 to the Declaration that contains only the redactions proposed by Intuit and approved by the Court [ECF No. 260-1].

## D. ECF No. 248

Intuit has filed a motion to seal [ECF No. 248] in connection with its separate motion to preclude the expert testimony of Jim W. Bergman [ECF No. 250]. Intuit requests sealing of the following items: (1) portions of Samesurf's motion to preclude; (2) portions of the Declaration of Shannon Turner in support of the motion; (3) portions of Exhibits 1 and 2 to the Turner Declaration; and (4) the entirety of Exhibits 3 and 6 through 9 to the Turner Declaration. ECF No. 248 at 1. Exhibits 1 and 2 are expert reports by Mr. Bergman; Exhibit

---

[9] This exhibit is lodged at ECF No. 245-2. Intuit's proposed redactions are lodged at ECF No. 260-1.

3 consists of excerpts of his deposition testimony; and Exhibits 6 through 9 are documents that were shown to Mr. Bergman during his deposition. The Court addresses these in turn.

### *1. Exhibits 1 and 2 to the Turner Declaration*[10]

Intuit contends that the redacted portions of the expert reports "contain[] confidential information concerning Intuit's internal business practices and technical systems," "sensitive information about Intuit's private business records and agreements with third parties," and "information concern[ing] Intuit's confidential business decisions and its evaluation of third parties relating to its commercial services." ECF No. 248 at 3-4. Intuit contends that disclosure of such information would result in competitive harm to Intuit. The Court has reviewed the narrow redactions at issue and agrees that compelling reasons exist for the redactions proposed here.

### *2. Exhibits 3 and 6 through 9 to the Turner Declaration*

Intuit seeks to seal these exhibits in their entirety. Intuit asserts that Exhibits 8 and 9 contain confidential or sensitive information, and explains that it is moving to seal Exhibits 3, 6, and 7 because Samesurf designated them as "HIGHLY CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" pursuant to the Protective Order. ECF No. 248 at 4-6. Samesurf has not responded to the motion or provided a rationale for sealing these documents. Additionally, the Court is unable to ascertain that any of these documents—whether Samesurf or Intuit is the party seeking to seal—have been filed in any format or lodged with the Court. The Court is unable to conclude, based on Intuit's motion alone, that "compelling reasons" exist to seal these documents.

//

//

//

---

[10] The redacted version of Ex. 1 is filed at ECF No. 250-3; the unredacted version is lodged at ECF No. 249-1. The redacted version of Ex. 2 is filed at ECF No. 250-4; the unredacted version is lodged at ECF No. 249-2.

### *3. Intuit's Motion and the Turner Declaration*[11]

Intuit seeks to redact portions of its motion to preclude and the Turner Declaration only to the extent that they describe exhibits or portions of exhibits that are themselves subject to sealing. For the reasons set forth above, the Court grants this request as to references to documents that the Court is ordering sealed or redacted.

### *4. Conclusion*

Accordingly, Intuit's motion to seal at ECF No. 248 is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to (1) the limited redactions proposed by Intuit in connection with Exhibits 1 and 2 to the Turner Declaration; and (2) those portions of Samesurf's motion and the Turner Declaration that describe the foregoing exhibits or portions of exhibits that the Court has determined herein are subject to redaction or sealing.

Within ***fourteen (14) days*** of the date of this order, Intuit shall file in the public record: (1) a version of its motion to preclude the expert testimony of Mr. Bergman that is redacted only in a manner permitted by this order; and (2) a version of the supporting Turner Declaration that is redacted only in a manner permitted by this order.

The Clerk of Court is advised that ECF Nos. 249-1 and 249-2 are accepted for filing under seal.

## E. ECF No. 251

Intuit has filed a motion to seal [ECF No. 251] in connection with its separate motion for summary judgment [ECF No. 253]. Intuit requests sealing of the following items: (1) portions of Intuit's motion for summary judgment; (2) Exhibits 1, 2, 4 through 7, and 11 to the Declaration of Geoffrey Miller in support of the motion. ECF No. 251 at 1. The Court addresses these items below.

---

[11] The redacted version of Samesurf's motion is filed at ECF No. 250-1; the unredacted version is lodged at ECF No. 249. The redacted version of the Turner Declaration is filed at ECF No. 250-2. It does not appear that Intuit has lodged an unredacted version.

### 1. *Exhibits 1, 2, 6, and 7 to the Miller Declaration*[12]

Exhibits 1, 2, 6, and 7 to the Miller Declaration contain, respectively: excerpts from the expert report of Stacy Friedman; excerpts from the expert report of Benjamin Bederson; and excerpts from the transcripts of the January 27, 2026, and January 28, 2026, depositions of Stacy Friedman. ECF No. 251 at 3-5. Intuit contends that these exhibits "describe and analyze Intuit's and Glance's confidential technical information concerning Intuit's accused products, including Glance's source code," and that disclosure of this information would result in competitive harm to Intuit. *Id.* The Court has reviewed the exhibits and agrees that compelling reasons exist for the redactions proposed here.

### 2. *Exhibits 4, 5, and 11 to the Miller Declaration*[13]

The only rationale advanced for sealing these exhibits is that they have been designated as "HIGHLY CONFIDENTIAL – FOR OUTSIDE COUNSEL ONLY" pursuant to the Protective Order. This designation does not establish "compelling reasons" for sealing; therefore, the Court declines to seal the exhibits.

### 3. *Intuit's Motion*[14]

Intuit contends that its motion for summary judgment includes "confidential technical information" described in the expert reports of Benjamin Bederson and Stacy Friedman, and in the deposition transcript of Stacy Friedman. ECF No. 251 at 3. Intuit seeks to file a redacted version of its motion for summary judgment to the extent it references this confidential information, which the Court has already agreed should be redacted. ECF No. 252. The Court has reviewed Intuit's proposed redactions and agrees that compelling reasons exist for the redactions proposed here.

//

---

[12] These exhibits are lodged at ECF Nos. 252-1, 252-2, 252-5, and 252-6.

[13] These exhibits are lodged at ECF Nos. 252-3, 252-4, and 252-7.

[14] The redacted version of Intuit's motion is filed at ECF No. 253; the unredacted version is lodged at ECF No. 252.

***4. Conclusion***

Accordingly, Intuit's motion to seal at ECF No. 251 is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to (1) the motion for summary judgment, and (2) the accompanying exhibits, Exhibits 1, 2, 6, and 7.

Within ***fourteen (14) days*** of the date of this order, Intuit shall file in the public record Exhibits 4, 5, and 11 to the Miller Declaration. *See* ECF Nos. 252-3, 252-4, 252-7.

The Clerk of Court is advised that ECF Nos. 252, 252-1, 252-2, 252-5, and 252-6 are accepted for filing.

**F. ECF No. 264**

Samesurf has filed a motion to seal [ECF No. 264] in connection with its separate motion to exclude the errata of Gareth Macartney [ECF No. 266]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 264 at 2. Thus, the Court looks to Intuit's response [ECF No. 282] to address the rationale for sealing the documents at issue.

Intuit seeks to seal or redact (1) excerpts from the rebuttal expert report of Gareth Macartney; (2) excerpts from the transcript of Gareth Macartney's deposition; (3) the errata to the rebuttal expert report; and (4) portions of Samesurf's motion to exclude the errata.

***1. Exhibits 1[15] and 2[16] to the Skrzecz Declaration***

These documents consist of excerpts from (1) the rebuttal expert report and (2) the February 2, 2026 deposition transcript of Gareth Macartney. Intuit contends that these documents "contain confidential information concerning Intuit's business practices and its ongoing or recent evaluation of third parties regarding its commercial services," and that

---

[15] This exhibit is lodged at ECF No. 265-2. Intuit's proposed redactions are lodged at ECF No. 283-1.

[16] This exhibit is lodged at ECF No. 265-3. Intuit's proposed redactions are lodged at ECF No. 283-2.

the disclosure of such information could result in competitive harm by allowing competitors to "discern Intuit's internal decision-making processes or the scope and nature of its platform dependencies." ECF No. 282 at 4. Intuit proposed redactions to both excerpts. *See* ECF Nos. 283-1 (Exhibit A to the Miller Declaration); 283-2 (Exhibit B to the Miller Declaration). The Court has reviewed the redactions at issue and agrees that compelling reasons exist for the redactions proposed here.

***2. Exhibit 3 to the Skrzecz Declaration[17]***

This document consists of the errata to the rebuttal expert report of Gareth Macartney. Intuit contends that the document "contains sensitive business information regarding Intuit's financial performance and internal business practices, including its third-party product usage data and cost allocations for its commercial services," and that disclosure of such information would result in competitive harm to Intuit because it would enable competitors to learn "Intuit's expenditures, service utilization patterns, and internal accounting across its business lines." ECF No. 282 at 6. Intuit requests that the document be sealed in its entirety. The Court has reviewed the document at issue and agrees that compelling reasons exist for the redactions proposed here.

***3. Samesurf's Motion[18]***

Intuit contends that portions of Samesurf's motion to exclude the errata "contain sensitive technical and business information" the disclosure of which could result in competitive harm to Intuit, as it would allow competitors to "discern Intuit's internal decision-making processes or the scope and nature of its platform dependencies." ECF No. 282 at 2-3. Intuit confirms that Samesurf's proposed redactions adequately protect this information. *Id.* at 3.

//

//

---

[17] This exhibit is lodged at ECF No. 265-4.
[18] The motion is lodged at ECF No. 265.

Because the redactions quote portions of the exhibits that are themselves subject to sealing per the foregoing analysis, for the reasons set forth above, the Court grants this request as to the redacted motion.

***4. Conclusion***

Accordingly, Samesurf's motion to seal at ECF No. 264 is **GRANTED**.

Within ***fourteen (14) days*** of the date of this order, Samesurf shall file in the public record versions of Exhibits 1 and 2 that contain only the redactions proposed by Intuit and approved by the Court. *See* ECF Nos. 283-1; 283-2.

The Clerk of Court is advised that ECF No. 265-4 is accepted for filing under seal.

**G. ECF No. 269**

Samesurf has filed a motion to seal [ECF No. 269] in connection with its separate brief filed in opposition to Intuit's motion to preclude the testimony of Jim Bergman [ECF No. 271]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 269 at 2. Thus, the Court looks to Intuit's response [ECF No. 287] to address the rationale for sealing the documents at issue.

Intuit seeks to seal or redact (1) excerpts of Jim Bergman's opening expert report; (2) excerpts of the transcript of Jim Bergman's deposition; (3) excerpts of Stacy Friedman's expert report; (4) portions of an internal document summarizing an agreement between Intuit and Glance Networks, Inc., and (5) portions of Samesurf's brief in opposition to Intuit's motion to exclude the testimony of Jim Bergman. ECF No. 287 at 2-6.

***1. Exhibit 1 to the Skrzecz Declaration[19]***

This document consists of excerpts of Jim Bergman's opening expert report that Intuit contends "contain[] confidential information concerning Intuit's internal business

[19] This exhibit is lodged at ECF No. 270-1. Intuit's proposed redactions are lodged at ECF No. 288-1.

practices, financial information, investments, strategies, and decision-making processes," the disclosure of which would cause Intuit competitive harm. ECF No. 287-1 at 2-3. Intuit proposed alternative, narrower redactions than those proposed by Samesurf. *Id.* at 3; *see* ECF No. 288-1 (Exhibit A-1 to the Miller Declaration). The Court has reviewed the redactions at issue and agrees that compelling reasons exist for the redactions proposed here.

### ***2. Exhibit 2 to the Skrzecz Declaration***[20]

This document consists of excerpts of the transcript of the January 30, 2026 deposition of Jim Bergman. Intuit contends the excerpts contain confidential information concerning "Intuit's internal business practices, cost information, pricing and marketing strategies, and its evaluation of third parties regarding its commercial services," the disclosure of which could cause Intuit competitive harm. ECF No. 287-1 at 3. Intuit proposed alternative, narrower redactions than those proposed by Samesurf. *Id.* at 3; *see* ECF No. 288-2 (Exhibit B-1 to the Miller Declaration). The Court has reviewed the redactions at issue and agrees that compelling reasons exist for the redactions proposed here.

### ***3. Exhibit 3 to the Skrzecz Declaration***[21]

This document consists of excerpts of Stacy Friedman's December 11, 2025 expert report. Intuit contends the excerpts contain "highly sensitive proprietary information about Intuit's technology, including the functionalities of the accused products and proprietary and confidential information provided by third-party Glance," the disclosure of which would cause Intuit and its partner competitive harm. ECF No. 287-1 at 4-5. Intuit proposed alternative, narrower redactions than those proposed by Samesurf. *Id.* at 4; *see* ECF No.

---

[20] This exhibit is lodged at ECF No. 270-2. Intuit's proposed redactions are lodged at ECF No. 288-2.

[21] This exhibit is lodged at ECF No. 270-3. Intuit's proposed redactions are lodged at ECF No. 288-3.

288-3 (Exhibit C-1 to the Miller Declaration). The Court has reviewed the redactions at issue and agrees that compelling reasons exist for the redactions proposed here.

***4. Exhibit 4 to the Skrzecz Declaration***[22]

This document is an internal document summarizing an internal document between Intuit and Glance that includes Intuit's notes and analysis of the agreement, and contains information regarding Intuit's "internal business decisions and its . . . evaluation of third parties' commercial services." ECF No. 287-1 at 4. Intuit contends that the document should therefore be sealed in its entirety. The Court has reviewed the document at issue and agrees that compelling reasons exist for the redactions proposed here.

***5. Samesurf's Opposition to Intuit's Motion to Exclude***[23]

Intuit contends that portions of Samesurf's opposition to Intuit's motion to exclude testimony of Jim Bergman "disclose confidential financial, technical, and business information" analyzed in its experts' reports and depositions, and that such disclosures may competitively harm Intuit and its business partners. ECF No. 287 at 2-3. Intuit proposes narrower redactions than those proposed by Samesurf, confirming that Samesurf's redactions to pages 7-9, 11, and 14-16 adequately protect Intuit's confidential information. *Id.* at 3.

Because the redactions quote portions of the exhibits that are themselves subject to sealing per the foregoing analysis, for the reasons set forth above, the Court grants this request as to the redacted motion.

***6. Conclusion***

Accordingly, Samesurf's motion to seal at ECF No. 269 is **GRANTED**.

Within ***fourteen (14) days*** of the date of this order, Samesurf shall file in the public record (1) versions of Exhibits 1-3 that contain only Intuit's proposed redactions, *see* ECF Nos. 270-1 through 270-3, 288-1 through 288-3; and (2) a version of its brief in opposition

---

[22] This exhibit is lodged at ECF No. 270-4.

[23] This document is lodged at ECF No. 270.

to Intuit's motion to exclude Jim Bergman's testimony that only contains redactions on the pages indicated by Intuit as containing confidential information, and approved by the Court. *See* ECF Nos. 270; 287 at 3.

The Clerk of Court is advised that ECF No. 270-4 is accepted for filing under seal.

**H. ECF No. 272**

Intuit has filed a motion to seal [ECF No. 272] in connection with its separately filed opposition to Samesurf's motion to strike Intuit's expert Gareth Macartney [ECF No. 274]. Intuit requests sealing of the following items: (1) portions of the opposition brief itself; (2) portions of the Declaration of Shannon E. Turner in support of the opposition; (3) Exhibits A and B to the Turner Declaration; and (4) portions of Exhibit H to the Turner Declaration. ECF No. 272 at 2. The Court addresses these items below.

***1. Exhibit A to the Turner Declaration***[24]

This document is the February 11, 2026 errata to the expert report of Gareth Macartney. It is the same document attached as Exhibit 3 to ECF No. 264, Samesurf's motion to exclude the errata in question, which the Court already determined should be sealed, based on the same justification provided here. *See supra*; ECF No. 272 at 3-4. The Court therefore agrees with Intuit that Exhibit A to the Turner Declaration should be sealed.

***2. Exhibit B to the Turner Declaration***[25]

This document reflects Intuit's data regarding the "internal allocation of costs" across its business segments and platforms based on use of third-party services. ECF No. 272 at 5. Intuit contends that disclosure of this information could cause Intuit competitive harm. *Id.* The Court has reviewed the exhibit and agrees that compelling reasons exist for the redactions proposed here.

//

---

[24] This exhibit is lodged at ECF No. 273-2.

[25] This exhibit is lodged at ECF No. 273-3.

***3. Portions of Exhibit H to the Turner Declaration***[26]

This document is Intuit's responses to Interrogatories Nos. 8, 9, 11, and 13, which Intuit contends "contains confidential information concerning Intuit's internal business plans and practices and technical system functionalities," including confidential information "provided to [Intuit] by third-party Glance Networks, Inc." ECF No. 272 at 5-6. Intuit contends that disclosure of this information could harm it competitively. The Court has reviewed the interrogatory responses and agrees that Intuit's redactions are appropriate.

***4. Portions of Intuit's Opposition to Samesurf's Motion to Exclude Macartney Testimony***[27]

Intuit contends that its brief filed in opposition to Samesurf's motion to strike Gareth Macartney's testimony contains sensitive information relating to its products and internal business practices that, if disclosed, could cause Intuit competitive harm. The Court has reviewed the brief and concludes that Intuit's narrow redactions are appropriate.

***5. Portions of the Turner Declaration in Support of Intuit's Opposition Brief***[28]

Intuit contends that the declaration filed in support of its opposition to Samesurf's motion to strike Gareth Macartney's testimony contains the same sensitive information referenced in the errata, which the Court agreed should be sealed. The Court reviewed the declaration and concludes that Intuit's narrow redactions are appropriate.

***6. Conclusion***

Accordingly, Intuit's motion to seal at ECF No. 272 is **GRANTED**.

The Clerk of Court is advised that Intuit's opposition to Samesurf's motion and its accompanying declaration and Exhibits A, B, and H, are accepted for filing under seal. *See* ECF Nos. 273; 273-1 through 4.

---

[26] This exhibit is lodged at ECF No. 273-4.

[27] This document is lodged at ECF No. 273.

[28] This document is lodged at ECF No. 273-1.

## I. ECF No. 275

Samesurf has filed a motion to seal [ECF No. 275] in connection with its brief in opposition to Intuit's motion for summary judgment on non-infringement, and certain attached exhibits [ECF No. 281]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 275 at 2. Thus, the Court looks to Intuit's response [ECF No. 286] to address the rationale for sealing the documents at issue.

Intuit seeks to seal or redact (1) limited portions of Samesurf's opposition brief, and (2) Exhibit 1 to the Declaration of Neil Ozarkar in support of Samesurf's opposition brief, excerpts of the opening expert report of Stacy Friedman. ECF No. 286 at 1-2.

### *1. Exhibit 1 to the Ozarkar Declaration*[29]

This document contains excerpts of Stacy Friedman's opening expert report that Intuit contends "contains descriptions and analysis of accused functionalities and underlying technology," disclosure of which would result in competitive harm to Intuit. ECF No. 286 at 4. The Court has reviewed the redactions and agrees that compelling reasons exist for the redactions proposed here.

### *2. Exhibit 3 to the Ozarkar Declaration*[30]

In its response to Samesurf's motion to seal, Intuit does not assert that Exhibit 3, transcript excerpts of the deposition of Stacy Friedman, should be filed under seal. *See* ECF No. 286. The Court therefore concludes an unredacted version of Exhibit 3 should be filed in the public record.

//

//

//

---

[29] This exhibit is lodged at ECF No. 276-1

[30] This exhibit is lodged at ECF No. 276-2

### *3. Samesurf's Brief in Opposition to Intuit's Motion for Summary Judgment*[31]

Intuit contends that limited portions of Samesurf's brief in opposition to Intuit's motion for summary judgment contain "highly confidential technical information analyzed" in Stacy Friedman's report, and that disclosure of this information would result in competitive harm to Intuit. ECF No. 286 at 2. The Court reviewed the redacted material and, because the redactions in the opposition brief mirror the redactions the Court agreed are appropriate to keep in the Friedman expert report, the Court agrees that compelling reasons exist for the redactions proposed here.

### *4. Conclusion*

Accordingly, Samesurf's motion to seal at ECF No. 275 is **GRANTED IN PART** and **DENIED IN PART.**

Within ***fourteen (14) days*** of the date of this order, Samesurf shall file in the public record Exhibit 3, unredacted. *See* ECF No. 276-2.

The Clerk of Court is advised that Samesurf's opposition to Intuit's motion for summary judgment and Exhibit 1 attached thereto are accepted for filing under seal. *See* ECF Nos. 276; 276-1.

## J. ECF No. 291[32]

Samesurf has filed a motion to seal [ECF No. 291] in connection with its reply in support of its motion to strike the testimony of Intuit's expert Gareth Macartney [ECF No. 311]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 291 at 2. Thus, the Court looks to Intuit's response [ECF No. 312] to address the rationale for sealing the documents at issue.

---

[31] This document is lodged at ECF No. 276.

[32] The exhibit to be sealed is lodged at ECF No. 292.

Intuit seeks to redact limited portions of Samesurf's reply brief in support of its motion to strike Gareth Macartney's testimony. ECF No. 312 at 2. Intuit contends that the reply brief contains "confidential information concerning Intuit's financial performance, internal business plans and practices, product usage, and technical system functionalities," and that the public disclosure of this information could result in competitive harm to Intuit. *Id.* at 3. The Court has reviewed the redactions proposed by Samesurf [ECF No. 292], and agreed to by Intuit, and agrees that compelling reasons exist for the redactions proposed here.

Accordingly, Samesurf's motion to seal at ECF No. 291 is **GRANTED**.

The Clerk of Court is advised that Samesurf's reply in support of its motion to strike the testimony of Gareth Macartney is accepted for filing under seal. *See* ECF No. 292.

**K. ECF No. 293**[33]

Intuit has filed a motion to seal [ECF No. 293] in connection with its reply in support of its motion to exclude the expert testimony of Jim W. Bergman [ECF No. 297]. Intuit requests redactions to its reply brief, contending that these limited portions of the brief "reference and disclose Intuit's confidential financial and business information" analyzed in expert reports by Jim Bergman and Stacy Friedman, and that disclosure of such information would result in competitive harm to Intuit.

The Court has reviewed the limited redactions and agrees that compelling reasons exist for the redactions proposed here.

Accordingly, Intuit's motion to seal at ECF No. 293 is **GRANTED**. The Clerk of Court is advised that Intuit's reply in support of its motion to exclude testimony of Jim Bergman is accepted for filing under seal. *See* ECF No. 295.

//

//

---

[33] The document to be sealed is lodged at ECF No. 295.

**L. ECF No. 301**[34]

Intuit has filed a motion to seal [ECF No. 301] in connection with the Joint Statement of Undisputed Material Facts filed together with Samesurf [ECF No. 303].

Intuit contends that the Joint Statement of Undisputed Material Facts "contains confidential information about the underlying technology of Intuit's cobrowsing solution" provided to it by third-party Glance, and that disclosure of this information could result in competitive harm to Intuit. ECF No. 301 at 2-3.

The Court has reviewed Intuit's proposed redactions, and agrees that compelling reasons exist for the redactions proposed here.

Accordingly, Intuit's motion to seal at ECF No. 301 is **GRANTED**. The Clerk of Court is advised that the Joint Statement of Undisputed Material Facts is accepted for filing under seal. *See* ECF No. 302.

**M. ECF No. 306**

Intuit has filed a motion to seal [ECF No. 306] in connection with its separately filed opposition to Samesurf's motion to exclude the errata of Gareth Macartney [ECF No. 308]. Intuit requests sealing of the following items: (1) portions of the opposition brief itself; (2) portions of the Declaration of Shannon E. Turner in support of the opposition; (3) portions of Exhibits A and F to the Turner Declaration; and (4) Exhibits D and E to the Turner Declaration in their entirety. The Court addresses each in turn.

***1. Exhibit A to the Turner Declaration***[35]

This document contains excerpts of the rebuttal expert report of Gareth Macartney, which Intuit contends contain information about Intuit's "confidential business decisions and its evaluation of third parties relating to its commercial services," disclosure of which would result in competitive harm to Intuit. ECF No. 306 at 3-4. The Court has reviewed

---

[34] The exhibit to be sealed is lodged at ECF No. 302.
[35] This exhibit is lodged at ECF No. 307-2.

the narrow redactions to the declaration and agrees that compelling reasons exist for the redactions proposed here. *See* ECF No. 307-2.

***2. Exhibit D to the Turner Declaration***[36]

This document contains excerpts of the transcript of the February 2, 2026 deposition of Gareth Macartney, which Intuit contends contain "confidential information reflecting Intuit's internal business practices, sourcing strategies, and decision-making," disclosure of which would result in competitive harm to Intuit. ECF No. 306 at 4. Specifically, Intuit asserts that the transcript excerpts reveal "information about Intuit's expenditures, service utilization patterns, and internal accounting across its business lines," and that the exhibit should be sealed in its entirety. *Id.* The Court has reviewed the excerpts and agrees that compelling reasons exist for the redactions proposed here.

***3. Exhibit E to the Turner Declaration***[37]

This document is the February 11, 2026 errata to the expert report of Gareth Macartney. It is the same document attached as Exhibit 3 to ECF No. 264, Samesurf's motion to exclude the errata in question, which the Court already determined should be sealed, based on the same justification provided here. *See supra*; ECF No. 272 at 3-4. The Court therefore agrees with Intuit that Exhibit E to the Turner Declaration should be sealed.

***4. Exhibit F to the Turner Declaration***[38]

This document is an email chain between Intuit's and Samesurf's counsel, which Intuit contends "contains sensitive business information regarding Intuit's internal allocation of costs data that reflects usage by business segment or platform associated with Intuit's use of third party services," and which "reveals Intuit's resource allocation strategies." ECF No. 306 at 6. The Court has reviewed the redaction and agrees that compelling reasons exist for the redactions proposed here. *See* ECF No. 307-5 at 3.

---

[36] This exhibit is lodged at ECF No. 307-3.
[37] This exhibit is lodged at ECF No. 307-4.
[38] This exhibit is lodged at ECF No. 307-5.

***5. Portions of Intuit's Opposition to Samesurf's Motion to Strike Errata[39]***

Intuit contends that limited portions of its opposition brief contain sensitive technical and business information, disclosure of which could result in competitive harm to Intuit. ECF No. 306 at 2-3. The Court has reviewed Intuit's redactions, which describe exhibits or portions of exhibits that are themselves subject to sealing based on the foregoing analysis. For the reasons set forth above, the Court agrees with Intuit's redactions. *See* ECF No. 307.

***6. Portions of the Turner Declaration in Support of Intuit's Opposition[40]***

For the same reasons the Court agrees with Intuit's redactions of its opposition brief, the Court agrees with its narrow redactions of the Turner Declaration. *See* ECF Nos. 306 at 4; 307-1.

***7. Conclusion***

Accordingly, Intuit's motion to seal at ECF No. 306 is **GRANTED**.

The Clerk of Court is advised that Intuit's Opposition Brief to Samesurf's Motion to Strike, its accompanying declaration, and Exhibits A, D, E, and F are accepted for filing under seal. *See* ECF Nos. 307; 307-1 through 307-5.

**N. ECF No. 313**

Samesurf has filed a motion to seal [ECF No. 313] in connection with its reply in support of its motion to exclude the errata of Gareth Macartney [ECF No. 311]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 313 at 2. Thus, the Court

---

39 This document is lodged at ECF No. 307.

40 This document is lodged at ECF No. 307-1.

looks to Intuit's response [ECF No. 316] to address the rationale for sealing the documents at issue.

Intuit seeks (1) to redact portions of Samesurf's reply brief, and (2) to seal Exhibit A to Samesurf's reply brief. ECF No. 316 at 2-3.

***1. Exhibit A***[41]

This document contains the February 1, 2025 errata to the Expert Rebuttal Report of Gareth Macartney, which Intuit contends contains sensitive information "about Intuit's revenues, expenditures, and service utilization patterns," disclosure of which would result in competitive harm to Intuit. ECF No. 316 at 2-3. The Court has reviewed the exhibit and agrees that compelling reasons exist for the redactions proposed here. *See* ECF No. 314-1.

***2. Portions of Samesurf's Reply Brief in Support of its Motion to Exclude Errata***[42]

Intuit seeks to redact portions of Samesurf's reply brief in support of its motion to exclude the February 1, 2025 Macartney errata to the extent it discloses "confidential financial, technical, and business information analyzed in the" Macartney report. ECF No. 216 at 1. The Court has reviewed the narrow redactions and agrees that compelling reasons exist for the redactions proposed here. *See* ECF No. 314.

***3. Conclusion***

Accordingly, Samesurf's motion to seal at ECF No. 313 is **GRANTED**.

The Clerk of Court is advised that Samesurf's reply brief in support of its motion to exclude the February 1, 2025 Macartney errata, and its accompanying Exhibit A, are accepted for filing under seal. *See* ECF Nos. 314; 314-1.

**O. ECF No. 318**[43]

---

[41] This exhibit is lodged at ECF No. 314-1.
[42] This document is lodged at ECF No. 314.
[43] The exhibit is lodged at ECF No. 319.

Intuit has filed a motion to seal its Trial Exhibit List [ECF No. 318], attached as Exhibit A to Intuit's Memorandum of Contentions of Fact and Law [ECF No. 320-1]. *See* ECF No. 319. Intuit contends that the Trial Exhibit List contains "confidential information concerning Intuit's confidential business partners," and that because this information could reveal "Intuit's internal decision-making processes or the scope and nature of its platform dependencies," its disclosure could cause Intuit competitive harm. ECF No. 318 at 3. The Court has reviewed Intuit's narrow redactions and agrees that compelling reasons exist for the redactions proposed here. *See* ECF No. 319.

Accordingly, Intuit's motion to seal at ECF No. 318 is **GRANTED**.

The Clerk of Court is advised that Intuit's Trial Exhibit List is accepted for filing under seal. *See* ECF No. 319.

**P. ECF No. 324**[44]

Samesurf has filed a motion to seal [ECF No. 324] its Motion In Limine No. 1 [ECF No. 326]. The basis for the motion is that the documents at issue contain material that Intuit has designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL" under the terms of the Protective Order in this case. ECF No. 324 at 2. Thus, the Court looks to Intuit's response [ECF No. 348] to address the rationale for sealing the document at issue.

Intuit seeks to redact portions of Samesurf's Motion in Limine No. 1 that it contends contain "confidential information concerning Intuit's confidential business partners and non-public use of third-party commercial services," disclosure of which could reveal "Intuit's internal decision-making processes or the scope or nature of its platform dependencies" and result in competitive harm. ECF No. 348 at 1-2.

---

[44] The document to be sealed is lodged at ECF No. 325.

The Court has reviewed Samesurf's redactions, which Intuit agrees protect its confidential information, and agrees that compelling reasons exist for the redactions proposed here.

Accordingly, Samesurf's motion to seal at ECF No. 324 is **GRANTED**.

The Clerk of Court is advised that Samesurf's Motion in Limine No. 1 is accepted for filing under seal. *See* ECF No. 325.

**Q. ECF No. 333**

Intuit has filed a motion to seal [ECF No. 333] associated with its Motion in Limine No. 2, and associated Exhibits 1, 2, and 3 [ECF No. 335].[45] The basis for the motion is that the documents at issue contain material that Samesurf contends "is sealable," and because Samesurf designated Exhibit 3 as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of the Protective Order in this case. ECF No. 333 at 2-3.

Samesurf has not responded to the motion or provided a rationale for sealing Intuit's motion in limine, or the exhibits attached to the motion. The exhibits' designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not establish "compelling reasons" for sealing. The Court therefore declines to seal Intuit's Motion in Limine No. 2 and its accompanying exhibits.

Accordingly, Intuit's motion to seal at ECF No. 333 is **DENIED**.

Within ***fourteen (14) days*** of the date of this order, Intuit shall file in the public record the unredacted version of its Motion in Limine No. 2, and accompanying Exhibits 1 through 3. *See* ECF Nos. 334; 334-1 through 334-3.

**R. ECF No. 339**

---

[45] This motion is lodged at ECF No. 334, and the exhibits are lodged at ECF Nos. 334-1 (Exhibit 1); 334-2 (Exhibit 2); 334-3 (Exhibit 3).

Intuit has filed a motion to seal [ECF No. 339] associated with its Motion in Limine No. 6 [ECF No. 341].[46] The basis for the motion is that the documents at issue contain material that Samesurf contends "is sealable." ECF No. 339 at 2-3.

Samesurf has not responded to the motion or provided a rationale for sealing Intuit's motion in limine. The Court therefore declines to seal Intuit's Motion in Limine No. 6.

Accordingly, Intuit's motion to seal at ECF No. 339 is **DENIED**. Within ***fourteen (14) days*** of the date of this order, Intuit shall file in the public record the unredacted version of its Motion in Limine No. 6. *See* ECF No. 340.

## III. CONCLUSION

Based on the foregoing, the motions to seal are **GRANTED IN PART** and **DENIED IN PART**. ECF Nos. 238, 241, 244, 248, 251, 264, 269, 272, 275, 291, 301, 306, 313, 318, 324, 333, 339.

The Clerk of Court shall **FILE** the following documents under seal:

- ECF Nos. 242, and 242-1 through 242-10
- ECF Nos. 249-1 and 249-2
- ECF Nos. 252, 252-1, 252-2, 252-5, and 252-6
- ECF No. 265-4
- ECF No. 270-4
- ECF Nos. 273, and 273-1 through 273-4
- ECF Nos. 276, 276-1
- ECF No. 292
- ECF No. 295
- ECF No. 302
- ECF Nos. 307, 307-1 through 307-5
- ECF Nos. 314; 314-1

---

46 The motion at issue is lodged at ECF No. 340.

- ECF No. 319
- ECF No. 325

Within ***fourteen (14) days*** of this order, Samesurf shall **FILE** in the public record the following documents:

- ECF No. 239
- ECF No. 242-11
- ECF Nos. 257-2 through 257-5
- ECF Nos. 245-1; 245-3
- ECF No. 260-1
- ECF No. 276-2
- ECF Nos. 283-1; 283-2
- ECF No. 287
- ECF Nos. 288-1 through 288-3

Within ***fourteen (14) days*** of this order, Intuit shall **FILE** in the public record the following documents:

- ECF Nos. 252-3, 252-4, 252-7
- ECF Nos. 334; 334-1 through 334-3
- ECF No. 340

**IT IS SO ORDERED**.

Dated: August 19, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge